UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BANDSPEED, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:09-CV-00593-LY |
| | § | |
| SONY ELECTRONICS INC., | § | |
| SONY COMPUTER ENTERTAINMENT | § | |
| AMERICA INC., | § | JURY TRIAL DEMANDED |
| NINTENDO OF AMERICA, INC., | § | |
| APPLE, INC., LEGO SYSTEMS, INC., | § | |
| PARROT, INC., AND SCOSCHE | § | |
| INDUSTRIES, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LEGO SYSTEMS, INC.'S ANSWER AND DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND APPLICATION FOR
PERMANENT INJUNCTION**

Defendant LEGO Systems, Inc. ("LEGO") files its Answer and Defenses to Plaintiff's Second Amended Complaint and Application for Permanent Injunction ("Second Amended Complaint") filed by Bandspeed, Inc. ("Bandspeed" or "Plaintiff"). LEGO denies all allegations, whether express or implied, not specifically admitted below.

### I.    ANSWER

#### A.    Nature of the Case

1.    LEGO denies that it has violated the patent laws of the United States, Title 35, USC § 271 *et seq.*, and/or that it has infringed any valid patent owned by Bandspeed, but otherwise lacks sufficient information to admit or deny the remaining allegations of paragraph 1, and therefore, denies all of them.

### B. Parties

2. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 2.

3. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 3.

4. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 4.

5. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 5.

6. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 6.

7. LEGO admits that it is a Delaware corporation with a place of business at 555 Taylor Road, Enfield, Connecticut 06082, but denies the remaining allegations contained in paragraph 7.

8. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 8.

9. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 9.

### C. Jurisdiction

10. LEGO admits that Plaintiff has sued for patent infringement, and need not respond to Plaintiff's conclusion as to this Court's subject matter jurisdiction. To the extent any response is deemed required, LEGO denies the allegations contained in paragraph 10.

11. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 11.

12. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 12.

13. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 13.

14. LEGO admits that it imports, sells, and offers for sale throughout the United States its Mindstorms® NXT product, but denies the remaining allegations contained in paragraph 14.

15. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 15.

16. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 16.

### D.   Venue

17. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 17.

18. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 18.

19. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 19.

20. LEGO need not respond to Plaintiff's conclusion as to whether venue properly lies in this district. To the extent any response is deemed required, LEGO denies the allegations contained in paragraph 20.

21. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 21.

22. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 22.

### E. First Claim - Patent Infringement of the '418 Patent

23. LEGO restates and incorporates herein its responses to the allegations of paragraphs 1 through 22.

24. LEGO admits that U.S. Patent No. 7,027,418 ("the '418 Patent") was issued by the United States Patent and Trademark Office ("USPTO") and that a copy of the '418 Patent is attached to the Second Amended Complaint as Exhibit A. LEGO further admits that the first page of the '418 Patent indicates that it was issued on April 11, 2006, and that Hongbing Gan, Bijan Treister, and Efstratios Skafidas are the named inventors. LEGO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 concerning the ownership and the assignment of rights in the '418 Patent to Bandspeed, and therefore, denies them.

25. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 25.

26. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 26.

27. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 27.

28. LEGO denies the allegations contained in paragraph 28.

29.     LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 29.

30.     LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 30.

31.     LEGO denies the allegations contained in paragraph 31 as directed to it, and is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 as directed to the remaining named defendants.

### F.      Second Claim - Patent Infringement of the '614 Patent

32.     LEGO restates and incorporates herein its responses to the allegations of paragraphs 1 through 22.

33.     LEGO admits that U.S. Patent No. 7,570,614 ("the '614 Patent") was issued by the USPTO and that a copy of the '614 Patent is attached to the Second Amended Complaint as Exhibit B.  LEGO further admits that the first page of the '614 Patent indicates that it was issued on August 4, 2009, and that Bijan Treister, Hongbing Gan, and Efstratios Skafidas are the named inventors.  LEGO is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 concerning the ownership and the assignment of rights in the '614 Patent to Bandspeed, and therefore, denies them.

34.     LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 34.

35.     LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 35.

36.     LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 36.

37. LEGO denies the allegations contained in paragraph 37.

38. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 38.

39. LEGO is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 39.

40. LEGO denies the allegations contained in paragraph 40 as directed to it, and is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 40 as directed to the remaining named defendants.

### G.   Prayer for Relief

41. To the extent a response is necessary, LEGO denies that Plaintiff is entitled to any of the relief it requests in paragraphs A-F of its Prayer for Relief as set forth in the Complaint.

### H.   Demand for Jury Trial

42. This paragraph requires no response, as it merely states a request for a trial by jury for all issues so triable.

43. Any remaining allegations in the Complaint not specifically admitted herein are denied. Furthermore, Plaintiff should be denied all relief requested or otherwise available.

## II.   AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which falls on the Plaintiff, LEGO pleads the following affirmative defenses. All such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### A.   First Affirmative Defense

Bandspeed fails to state a claim upon which relief may be granted.

### B.   Second Affirmative Defense

LEGO has not committed any act that would constitute an infringement of any claim of the '418 Patent and/or the '614 Patent (collectively, "the Patents-in-Suit").

### C.   Third Affirmative Defense

The Patents-in-Suit are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### D.   Fourth Affirmative Defense

Bandspeed's demands for equitable relief are barred because the Plaintiff has an adequate remedy at law.

### E.   Fifth Affirmative Defense

By reasons of the proceedings in the USPTO during the prosecution of the applications for the Patents-in-Suit, including, but not limited to, the representations in the specification, the wording of the claims and the acts and representations made to induce the issuance of the Patents-in-Suit, Bandspeed is estopped from asserting any construction of the claims of the Patents-in-Suit that would cover any accused product of LEGO.

### F.   Sixth Affirmative Defense

The Patents-in-Suits are unenforceable, in whole or in part, based on the doctrine of patent misuse.

### G.   Seventh Affirmative Defense

The Patents-in-Suit are unenforceable, in whole or in part, because of equitable doctrines such as laches and/or estoppel.

### H.   Eighth Affirmative Defense

On information and belief, Plaintiff's claims are barred by the existence of license covering the technology at issue.

### I. Ninth Affirmative Defense

Bandspeed's demands for equitable relief are barred, in whole or in part, by the doctrine of unclean hands.

### J. Additional Defenses

LEGO presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. LEGO therefore reserves the right to assert additional defenses rendered appropriate by further discovery and investigation. LEGO further reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable law and rules, and to offer additional defenses that cannot now be articulated due to Plaintiff's failure to particularize its claims and/or the need for further discovery regarding Plaintiff's claims.

Dated: December 8, 2009

Respectfully submitted,

*/s/ Stacy Allen*
Stacy Allen
Texas State Bar No. 24034185
Megan M. Honey
Texas State Bar No. 24050781
**JACKSON WALKER L.L.P.**
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: 512-236-2000
Fax: 512-236-2002
Email: stacyallen@jw.com, mhoney@jw.com

Elizabeth Alquist (pro hac vice pending)
Cecilia Zhang Stiber (pro hac vice pending)
Nicholas Pisarsky (pro hac vice pending)
**DAY PITNEY LLP**
242 Trumbull Street
Hartford, CT 06103
Telephone: 860-275-0137
Fax: 860-275-0343
Email:  ealquist@daypitney.com
            cstiber@daypitney.com
            npisarsky@daypitney.com

**Attorneys for Defendant LEGO Systems, Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2009, a copy of the foregoing was filed electronically with the clerk of court for the U.S. District Court, Western District of Texas using the electronic case files system of the court ("CM/ECF") and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Stacy Allen*
Stacy Allen
**JACKSON WALKER L.L.P.**

5675573v.2 135843/00001